IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RITE AID HDQTRS CORP.,** : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO. 18-4659 |
| : | |
| **NEST INTERNATIONAL and** : | |
| **THE CHARTER OAK FIRE** : | |
| **INSURANCE COMPANY,** : | |
| Defendants. : | |

## ORDER

Plaintiff Rite Aid Corporation filed suit against Defendants Nest International and The Charter Oak Fire Insurance Company[1] in the Court of Common Pleas of Philadelphia County. Rite Aid and Nest were parties to a floorcare service agreement, under which Nest would provide floor maintenance services, indemnify Rite Aid for claims caused by Nest's negligence, and carry comprehensive general liability insurance. The claims in this case derive from Defendants' alleged failure to indemnify and insure Rite Aid for damages stemming from a personal injury action in the New Jersey Superior Court, brought by a customer who slipped and fell in a Rite Aid. On October 29, 2018, Defendant Charter Oak removed the case to this Court.

Rite Aid has moved to remand this case to the Court of Common Pleas of Philadelphia County, asserting that Nest contractually waived its right to consent to remove the action and that therefore the "unanimity of consent" requirement was not satisfied. In general, a case may not be removed to federal court unless all the defendants consent,[2] and according to the Third Circuit, a defendant may not consent to removal where a forum selection clause requires the litigation to be

---

[1] Defendant Charter Oak was originally improperly pled as "Travelers Indemnity Company of America." The parties have stipulated to amend Travelers Indemnity Insurance Company to The Charter Oak Fire Insurance Company in the pleadings.

[2] *Green v. America Online*, 318 F.3d 465, 470 (3d Cir. 2003); *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) ("[28 U.S.C. § 1466] has been construed to require that when there is more than one defendant, all must join in the removal petition").

1

brought in state court.[3] It is undisputed that the forum selection clause in Rite Aid and Nest's floorcare services agreement reflects that Nest cannot consent to removal.[4] Nevertheless, Defendant Charter Oak contends that the forum selection clause should not be enforced in the instant matter, because Rite Aid waived its right to enforce the clause when it brought a cross-claim against Nest in the personal injury action in New Jersey state court. In support, Charter Oak asserts that where a party "chooses to file suit upon a contract in an unauthorized venue in direct contravention to the contract's forum selection clause" courts find that the party abandoned its rights under the forum selection provision.[5]

In the New Jersey action, Rite Aid defended against a suit brought by a private individual not party to the instant agreement containing the forum selection clause. In similar circumstances, courts have noted the decisive difference between the initiation of an action, which may constitute a waiver of a forum selection clause, and the defense of a suit by filing counterclaims or cross-claims.[6] Forum selection clauses are "strongly favored," and Rite Aid did

---

[3] *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1216–17 (3d Cir. 1991).

[4] The forum selection clause in Rite Aid and Nest's contract states:

> "This Agreement shall be construed and enforced under and in accordance with the laws of the Commonwealth of Pennsylvania. Any and all disputes or claims relative to this Agreement shall be negotiated, tried, determined, or otherwise handled and disposed of only in the appropriate state court of the Commonwealth of Pennsylvania. Contractor hereby consents to the personal jurisdiction of such court over it in such matter."

Floorcare Master Service Agreement, Ex. A [Doc. No. 2] § I, ¶ 6.

[5] Opp. Mot. Remand [Doc. No. 9] at 3 (quoting *MTR Gaming Group v. Arneault*, 899 F. Supp. 2d 367, 375 (W.D. Pa. Sept. 27, 2012)).

[6] *Jockey Intern., Inc. v. M/V "LEVERKUSEN EXPRESS,"* 217 F. Supp. 2d 447, 455 (S.D.N.Y. 2002) (finding that the filing of a cross-claim and a third-party complaint in a venue inconsistent with the forum selection clause did not constitute a wavier of that clause, because, "[h]aving been sued in this forum, they had a right to defend themselves in the event the forum clause was not upheld without subjecting themselves to waiver."); *Rite Aid Hdqtrs. Corp. v. Orly Plastics Enter.*, No. 14-cv-1276, 2014 U.S. Dist. LEXIS 162706, at *12 (M.D. Pa. Nov. 20, 2014) (Rite Aid's counterclaims brought in a venue not authorized by the forum selection clause was not a waiver of its right to enforce that clause, as "it was Defendants – not Rite Aid – that filed [that] action" and "[h]ad Rite Aid initiated the action in New York, our analysis might be different.").

not waive the right to enforce such a clause in this case by defending against an action in New Jersey state court by an individual who was not affected by the clause.[7]

Second, Charter Oak argues that the forum selection clause should not be enforced, alleging that Rite Aid's claims against Nest are meritless, and Rite Aid's sole purpose in bringing these claims is to bind Charter Oak to Rite Aid's chosen forum. Charter Oak analogizes these circumstances to the concept of fraudulent joinder, in which a court will disregard the citizenship of a non-diverse defendant with no real connection to the controversy, joined for the purpose of defeating diversity jurisdiction.[8] The Third Circuit has stated that a finding of fraudulent joinder is appropriate "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."[9] A claim is colorable if it is not "wholly insubstantial and frivolous" in light of the relevant law.[10] Only a "limited piercing" of the pleadings to discover fraudulent joinder is appropriate,[11] and the party arguing that a party was fraudulently joined bears a heavy burden in establishing fraudulent joinder.[12]

Here, even assuming that the concept of fraudulent joinder applies to the circumstances of the present case, Charter Oak has not satisfied its heavy burden of demonstrating that Rite Aid's claims against Nest are without "reasonable basis in fact or colorable ground supporting

---

[7] Defendant Charter Oak argues that Plaintiff's cross-claims were more than defensive. However, Charter Oak does not make clear what these non-defensive claims are, and appended Nest's answer in the New Jersey action to its motion, not Rite Aid's. *See* Ex. A to Charter Oak's Response to Mot. for Remand [Doc. No. 9].

[8] *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006).

[9] *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 32 (3d Cir.1985) (quotation omitted).

[10] *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 852 (3d Cir.1992) (citation omitted).

[11] *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 112 (3d Cir.1990).

[12] *Id.* at 111.

[them]."[13] For example, Charter Oak asserts that Rite Aid's claim for indemnification is without merit because, under the contract, Rite Aid cannot seek indemnification for its own negligence; however, Rite Aid's suit appears to be based in part on the negligence of Nest, as Nest allegedly failed to satisfy its contractual obligation to maintain safe conditions at the property where an individual slipped and fell.[14] The Court makes no determinations on the merits of the parties' claims; but as Defendant Charter Oak has not shown that Rite Aid's claims are without any reasonable basis in fact, and as any doubts should be resolved in favor of remand,[15] the concept of fraudulent joinder is not applicable to these particular circumstances, and Rite Aid's motion for remand is granted.

**AND NOW**, this 13th day of March 2019, upon consideration of Rite Aid's motion to remand [Doc. No. 2] and the response and reply thereto, it is hereby **ORDERED** that the motion is **GRANTED** and this case is **REMANDED** to the Court of Common Pleas, Philadelphia County, No. 181000225. It is further **ORDERED** that Nest's motion to dismiss [Doc. No. 4] is **DISMISSED** as moot, without prejudice to renewal in state court. The Clerk is **DIRECTED** to **CLOSE** this case.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**

---

[13] *See Abels*, 770 F.2d at 32.

[14] Compl. ¶¶ 7–10, 23.

[15] Where federal jurisdiction is uncertain, it is only prudent to resolve all doubts in favor of remand to state court with unquestionable jurisdiction. *Collins v. Am. Red Cross*, 724 F. Supp. 353, 358 (E.D. Pa. 1989).